IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2097-FL

| | |
|---|---|
| GARY HENDRICKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL HARDEE, ) | |
| ) | |
| Respondent. ) | |

This matter came before the court on the motion to dismiss (DE # 8) pursuant to Federal Rule of Civil Procedure 12(b)(6) of respondent Michael Hardee ("respondent") which has been fully briefed. Also before the court is petitioner's motion to appoint counsel (DE # 13). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion and denies petitioner's motion.

**STATEMENT OF CASE**

On August 6, 2010, in Bladen County Superior Court, petitioner pleaded guilty to two counts of assault with a deadly weapon with intent to kill, fleeing to elude arrest, possession of a firearm by a felon, breaking and entering, larceny, felony possession of marijuana, and possession of property by false pretense. Resp't.'s Mem. Ex. 1, p. 2. Petitioner then was sentenced to a term of thirty-six (36) to fifty-three (53) months imprisonment. Id. Petitioner did not file a direct appeal.

On May 19, 2011, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his guilty plea was not knowing and voluntary and that the prosecutor tampered with evidence. On June 23, 2011, respondent filed a motion to dismiss the petition, arguing that

petitioner failed to exhaust his state court remedies. On June 30, 2011, petitioner filed a motion for an extension of time to file a response, which the court granted. Petitioner then had until August 13, 2011, to respond to respondent's motion to dismiss, but did not file a response.[1]

## DISCUSSION

A.  Motion to Appoint Counsel

There is no constitutional right to counsel in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." At this point, the court does not perceive issues of great legal complexity, and therefore the interests of justice do not mandate the appointment of counsel. Accordingly, petitioner's motion to appoint counsel is DENIED.

B.  Motion to Dismiss

1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts

---

[1] Although he did not respond to respondent's motion to dismiss, petitioner filed two letters to which he attached North Carolina Department of Correction administrative grievances. Petitioner's administrative grievances complain about his conditions of confinement. Habeas corpus relief is not appropriate when a prisoner challenges the conditions of confinement. See Preiser v. Rodriquez, 411 U.S. 475, 499 (1973). A prisoner challenging the conditions of confinement must bring his claim pursuant to 42 U.S.C. § 1983. Id.; see Brown v. Johnson, 169 F. App'x 155, 156-157 (4th Cir. Feb. 27, 2006). Accordingly, to the extent petitioner seeks to bring conditions of confinement claims, such claims may not be brought under § 2254, and are DISMISSED without prejudice.

all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

2. Analysis

Respondent contends that this matter should be dismissed because petitioner failed to exhaust his state court remedies before filing this action. Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a prisoner must fairly present his claims to the state court. A fair presentation to the state court means that the prisoner must give the state court an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Williams v. French, 146 F.3d 203, 215 (4th Cir.1998). This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

Although the exhaustion requirement is not jurisdictional, the requirement is strictly enforced. Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) (citing Granberry v. Greer, 481 U.S. 129, 131 (1987); Rose v. Lundy, 455 U.S. 509, 522 (1982)). By giving state courts the first opportunity to review a claim, the exhaustion requirement prevent[s] unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). In this case, respondent has not waived the exhaustion requirement. See 28 U.S.C. § 2254(b)(3).

Here, petitioner has not pursued any state court post-conviction remedy and has not demonstrated good cause for his failure to exhaust. Petitioner additionally has not moved this court

3

to stay this action until he has exhausted his state court remedies. Because petitioner has not moved for any type of post-conviction relief in connection with his state court conviction, he has failed to fairly present in state court the grounds for which he now seeks federal habeas relief. Based upon the foregoing, this action is DISMISSED without prejudice to allow petitioner the opportunity to exhaust his state court remedies.

C.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry,

4

and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 8) is GRANTED and petitioner's claim is dismissed without prejudice for failure to exhaust his state court remedies. Petitioner's motion to appoint counsel (DE # 13) is DENIED. Petitioner's conditions of confinement claims are DISMISSED without prejudice. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 2nd day of December, 2011.

LOUISE W. FLANAGAN
United States District Judge